MELCHERT, Respondent, vs. VAN HANDEL and another, Appellants.

*March 8—April 12, 1949.*

For the appellants there was a brief by *Benton, Bosser, Becker & Parnell,* attorneys, and *John B. Menn* of counsel, all of Appleton, and oral argument by *Mr. Menn.*

*A. W. Ponath* of Appleton, for the respondent.

FRITZ, J.    The collision involved herein occurred in the intersection of Appleton street, which runs north and south, and North street, which runs northeasterly and southwesterly in the city of Appleton.    Plaintiff, driving southwesterly at fifteen miles per hour on his right half of North street, had entered and was proceeding southwesterly on the westerly half of the intersection before Van Handel's car, which he was driving northward at twenty to twenty-five miles per hour on the east half of Appleton street, entered the intersection. While plaintiff was thus proceeding across the west half of the intersection, Van Handel entered and continued to drive his car northward at twenty to twenty-five miles per hour across the easterly half of the intersection until that portion of the front of his car which was to the right of his left headlight violently struck the forward portion of the left side of plaintiff's car and shoved it in a northwesterly direction beyond the intersection.    Van Handel testified he did not see plaintiff's car before the collision.    The jury found the defendant Van Handel causally negligent in respect to, (1) his keeping a proper lookout; (2) his control and management; and (3) in failing to yield the right of way to plaintiff; and the jury found that plaintiff was not negligent.

Defendant contends that an automobile driver who enters an intersection without observation of competing traffic on the cross street, when there is an opportunity for observation, is negligent as a matter of law, and that therefore the judgment should be reversed.    These contentions are not applicable and cannot be sustained in this case.    It is evident on a review of the record that,—although there are some conflicts

in the evidence as to plaintiff's opportunity for observation and what he did or did not observe, or ought to have observed in respect to competing traffic,—it was within the province of the jury to find, as it did under the evidence on that subject, that the plaintiff was not negligent in respect to lookout, or the control and management of his car, or the yielding of the right of way to defendant. Moreover, as in this latter respect there is no claim that plaintiff was driving at an unlawful speed, he was clearly entitled to the right of way under the provisions in sec. 85.18 (1), Stats., that,—

"When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in this section."

Under the facts and circumstances herein, no useful purpose will be served by any detailed statement or review of the evidence.

*By the Court.*—Judgment affirmed.